UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                  :

RAHMEANE GREER,                              :

                         Plaintiff,           :

              -v-                   :                26-CV-02152 (JAV)

                                          :                   <u>ORDER</u>

MEDRITE, LLC, STAFFING BOUTIQUE, INC., and   :
CHRISTOPER FIGUEROA-SCHRIER, individually,   :

                    Defendants.        :

-----------------------------------------------------------------------X

JEANNETTE A. VARGAS, District Judge:

      Plaintiff Rahmeane Greer ("Plaintiff") brings this action against Defendants Medrite, LLC, Staffing Boutique, Inc., and Christopher Figueroa-Schrier ("Defendants"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship.  *See* 28 U.S.C. § 1332.  Plaintiff alleges that he is a citizen of Maryland.  *See* ECF No. 6 ("Complaint") ¶ 6.  He alleges that Defendant Medrite, LLC (the "Defendant LLC") is incorporated and has its principal place of business within the State of New York and exists under the laws of the State of New York as a domestic limited liability company.  *See id.* ¶¶ 7, 14.  Plaintiff asserts that venue is proper in this district based upon the fact that a substantial part of the actions of "Defendant Gross" occurred within the Southern District of New York.  *Id.* ¶ 11.

      It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its

members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party].").

In the present case, the Complaint fails to affirmatively plead the citizenship of each member of the Defendant LLC. The Complaint also predicates the establishment of proper venue on the actions of an individual, Defendant Gross, who is not a named defendant in this action. *See* Complaint ¶ 11.

Accordingly, it is hereby ORDERED that, on or before **May 13, 2026**, the Plaintiff shall amend his Complaint to affirmatively allege the citizenship of each constituent person or entity comprising the Defendant LLC and to properly demonstrate venue. If, by that date, Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: April 22, 2026
     New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2